**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-5252**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

NICHOLAS OHIN, a/k/a Shaka,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Newport News.  Henry Coke Morgan, Jr., Senior District Judge.  (4:08-cr-00026-HCM-FBS-1)

Argued:  May 14, 2010                    Decided:  June 16, 2010

Before GREGORY, AGEE, and DAVIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ARGUED:** Larry Mark Dash, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Norfolk, Virginia, for Appellant.  Robert Edward Bradenham II, OFFICE OF THE UNITED STATES ATTORNEY, Newport News, Virginia, for Appellee.  **ON BRIEF:** Michael S. Nachmanoff, Federal Public Defender, Frances H. Pratt, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Alexandria, Virginia, for Appellant.  Dana J. Boente, Acting United States Attorney, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Nicholas Ohin appeals his sentence of 276 months' imprisonment, a sentence that is higher than the top of the Sentencing Guidelines range adopted by the district court. Ohin contends the district court committed various procedural errors in determining his sentence. For the reasons set forth below, we find no merit to Ohin's assertions and affirm the judgment of the district court.

I.

Without a written plea agreement, Ohin pled guilty to two counts of carjacking, in violation of 18 U.S.C. § 2119. The convictions arose from two February 2007 incidents that occurred in Newport News, Virginia. During the first ("Count I"), Ohin forced a female delivery driver into her vehicle after grabbing and repeatedly striking her in the back of the head with a screwdriver when she tried to flee. After driving several blocks, Ohin pushed the woman out of the vehicle. The woman was treated at a local hospital and hospitalized for a week due to her extensive injuries.[1] Two days later ("Count II"), Ohin

---

[1] The treating physician described the woman's injuries as follows:

[She] had a severe distortion of her face due to the swelling that was most significant around her eyes and bleeding in the left eye. Her scalp was filled with

(Continued)

entered a vehicle stopped at an intersection and forced the male driver to exit. The driver reported the incident, and later in the day, a police officer observed Ohin driving the stolen vehicle. Ohin engaged in a high speed attempt to evade capture, but was ultimately stopped and arrested.

After hearing the parties' arguments, the district court agreed with Ohin that the PSR miscalculated one component of the Guidelines calculation related to the offense characteristics of Count II. The court recalculated the Guidelines range using a lower offense level, which resulted in Ohin receiving a total combined offense level of 31. When coupled with a criminal history category of VI,[2] Ohin's Guidelines range was calculated to be 188 to 235 months' imprisonment.

Next, the district court permitted the Government to call the victim of Count I to testify. She described the events

---

> fresh and dried blood from multiple lacerations. Her face was so badly beaten that it was difficult to see her facial features. Her abdomen was bruised and extremely tender. Multiple lacerations with bleeding were over the abdomen, both arms and her back.

(J.A. 88.)

[2] The pre-sentence report ("PSR") identified numerous convictions, arrests, and pending charges, primarily involving larceny and possession of stolen goods, assault, and possession and distribution of controlled substances. These offenses dated from 1995 (age 19) through the time of the carjackings (2007). Based on these charges, the PSR placed Ohin in the highest criminal history category, Category VI.

3

surrounding that incident, and testified Ohin stabbed her approximately 22 times with a screwdriver. She further testified that although her physical wounds had since healed, she was "scared to death to go anywhere by" herself and was still undergoing regular mental health therapy. Ohin did not cross-examine the witness, or present any other evidence.

The district court then allowed both parties to allocate as to an appropriate sentence. The Government contended the Guidelines range was too low and asked the court to impose a sentence "toward" the statutory maximum because there was not "any more severe case that could have occurred [in Count I] outside of [the victim] being killed by this defendant." (J.A. 61-62.) Ohin replied that a within-Guidelines sentence was appropriate in light of his acceptance of responsibility, the need for substance abuse treatment, and the ability to earn restitution for the victim upon release.[3]

The district court stated "the starting point when a person is considering an appropriate sentence under the statutory sentencing factors should be the maximum sentence available under the statute, because it is this kind of case for which the maximum was contemplated." (J.A. 66.) It then noted that Ohin

---

[3] Neither party requested a departure, nor did the PSR provide notice of any grounds for a departure sentence.

4

"deserves some type of credit" for pleading guilty, but then focused its comments on the "extremely troubling and substantial" injuries the victim in Count I received, as well as Ohin's extensive criminal history. (J.A. 67.) The district court thus concluded that a "varying sentence greater than the maximum under the guidelines is appropriate . . . because there are very few factors to mitigate what would be a maximum sentence under the statute." (J.A. 67.) Accordingly, it sentenced Ohin to 276 months' imprisonment on Count I and 180 months on Count II, to be served concurrently.

The district court subsequently also set forth its reasons for imposing this sentence in a written opinion and order. The written order delineated Ohin's offenses, the statutory maximums, and the properly-calculated Guidelines range. It outlined the § 3553(a) factors and reiterated its duties in imposing a sentence, including the circumstances when a variance sentence is appropriate. The court then held that a Guidelines sentence "did not serve the factors listed under 18 U.S.C. § 3553(a)" because while Ohin "should receive some benefit from entering a guilty plea . . . such a plea was the only mitigating factor concerning the term of imprisonment imposed." (J.A. 80.) It stated that it was important to look not just "to the advisory Guidelines range, but also to the maximum term of imprisonment provided by the statute" and "it was difficult to

imagine a worse case under the statute than this one and . . . this case is the type for which the maximum term of imprisonment was contemplated." (J.A. 80.) Ohin noted a timely appeal, and we have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

## II.

Ohin contends his sentence is procedurally unreasonable because the district court started its sentencing decision based on the 300-month statutory maximum and "worked down" to determine a sentence rather than starting with the 188-235 month Guidelines range. He also asserts the district court failed to explain why the Guidelines range was insufficient and why a departure sentence would not adequately address its concerns before deciding to impose a variance sentence. Lastly, Ohin maintains that the court did not adequately explain the basis for its sentence. For these reasons, he requests that we vacate the sentence and remand for resentencing.

We review any sentence, "whether inside, just outside, or significantly outside the Guidelines range," for abuse of discretion. Gall v. United States, 552 U.S. 38, 41 (2007). The Supreme Court delineated our sentencing review process in Gall: first, we "ensure that the district court committed no significant procedural error." Id. at 51. If, and only if, we

6

find the sentence procedurally reasonable, then we will "consider the substantive reasonableness of the sentence imposed . . . ." Id. Procedural errors include "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." Id.

Ohin's first argument centers on the district court's statement from the bench that "the starting point when a person is considering an appropriate sentence under the statutory sentencing factors should be the maximum sentence available under the statute . . . ." (J.A. 66.) Read in isolation, this statement is incorrect. "[T]he Guidelines should be the starting point and the initial benchmark" of sentencing. Gall, 552 U.S. at 49 (emphasis added). Read in context, however, we conclude that the statement does not require us to vacate Ohin's sentence because the district court undertook the proper analysis before determining what sentence to impose.

For example, the district court's written opinion clearly sets out the proper basis for determining a sentence and reflects the court's statement from the bench on the maximum

7

sentence available was a misstatement that did not guide the court's actual determination.

> The Court must fashion a sentence that is "sufficient, but not greater than necessary" to serve the sentencing factors set forth under 18 U.S.C. § 3553(a). United States v. Davenport, 445 F.3d 366, 370 (4th Cir. 2006). First, the Court must determine whether or not the sentencing range suggested by the advisory Guidelines serves these factors. See, e.g., United States v. Hampton, 441 F.3d 284, 287 (4th Cir. 2006). . . . If the resulting sentence still does not serve the § 3553(a) factors, then the Court may impose a variance sentence, i.e., a sentence that does not fall within the advisory Guidelines range, provided that the variance sentence falls within any statutory limitations and is "sufficient, but not greater than necessary, to comply with the purposes of [18 U.S.C. § 3553(a)(2)." Davenport, 445 F.3d at 370 (citation omitted).

(J.A. 79.) (Emphasis added.)

Even prior to its "starting point" statement, the district court had correctly calculated Ohin's Guidelines range.[4] See United States v. Engle, 592 F.3d 495, 499-500 (4th Cir. 2010). It then listened to and considered the parties' arguments as to an appropriate sentence. See id. at 500. Addressing the § 3553(a) factors – specifically, the nature and characteristics of the offense as well as the defendant's criminal history – the court concluded that an above-Guidelines sentence was appropriate. See id. While the court considered the statutory

---

[4] Ohin concedes the district court correctly calculated the Guidelines range and he raises no claim of error in that regard.

8

maximum in arriving at that sentence, it did not make the statutory maximum the sole basis for its decision. The court's methodology satisfied <u>Gall</u> and does not warrant reversal. <u>See id.</u> at 500; <u>Gall</u>, 552 U.S. at 49-52.

Next, Ohin asserts that the district court's approach to the sentencing process was improper because it moved directly from the calculation of the Guidelines range to imposing a variance sentence without first considering whether the Guidelines' departure provisions would adequately address its concerns. That argument is foreclosed by this Court's opinion in <u>United States v. Evans</u>, 526 F.3d 155 (4th Cir. 2008). In <u>Evans</u>, we held that although the district court may have erred in concluding certain Guidelines-based departure provisions applied, because the district court also adequately explained its sentence in terms of the § 3553(a) factors as a basis for a variance sentence, Evans' sentence was reasonable. <u>Id.</u> at 164. In so holding, we stated:

> [A]lthough adherence to the advisory Guidelines departure provisions provides <u>one way</u> for a district court to fashion a reasonable sentence outside the Guidelines range, it is <u>not</u> the only way. Rather, after calculating the correct Guidelines range, if the district court determines that a sentence outside that range is appropriate, it may base its sentence on the Guidelines departure provisions <u>or</u> on other factors so long as it provides adequate justification for the deviation.

9

Id. The district court thus did not err in moving directly to the § 3553(a) factors and immediately considering a variance sentence once it determined that an above-Guidelines sentence was appropriate.[5]

Lastly, Ohin asserts the district court failed to adequately explain the basis for its sentence. The district court "must make an individualized assessment based on the facts presented" when it sentences a defendant. Gall, 552 U.S. at 50. As we explained in United States v. Carter, 564 F.3d 325 (4th Cir. 2009), this means:

> the district court must "state in open court" the particular reasons supporting its given sentence. 18 U.S.C. § 3553(c) (2006). In doing so, "[t]he sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." Rita v. United States, 551 U.S. 338, 127 S. Ct. 2456,

---

[5] Ohin's argument that the district court was required to follow an incremental approach to increase his sentence based on criminal history also fails. While the Guidelines require that a district court use an incremental approach to imposing a departure sentence based on a underrepresentation of criminal history when the defendant is already in category VI, United States v. Dalton, 477 F.3d 195, 199 (4th Cir. 2007) (citing U.S.S.G. § 4A1.3(a)(4)(B)), we have never extended that requirement to a variance sentence. Here, the court clearly imposed a variance sentence, and thus was not obligated to follow the approach mandated for departure sentences. See Irizarry v. United States, 553 U.S. 708, ___, 128 S. Ct. 2198 (2008) (noting differences between departure sentences and variance sentences and holding the Guidelines notice requirements for departure sentences do not apply to variance sentences).

10

2468 (2007). This not only "allow[s] for meaningful appellate review" but it also "promote[s] the perception of fair sentencing." Gall, 128 S.Ct. at 597. "Where the defendant or prosecutor presents nonfrivolous reasons for imposing a different sentence" than that set forth in the advisory Guidelines, a district judge should address the party's arguments and "explain why he has rejected those arguments." Rita, 127 S. Ct. at 2468.

Id. at 328. In Carter, we concluded the district court failed to "justify Carter's sentence with an individualized rationale." Id. at 328-29. The problem in Carter was that the district court failed to explain how the § 3553(a) factors "applied to Carter," and that its "asserted 'reasons' could apply to any sentence, regardless of the offense, the defendant's personal background, or the defendant's criminal history." Id. at 329.

In contrast, the district court in the case at bar identified and expounded upon specific reasons that it felt an above-Guidelines sentence was appropriate for Ohin. It cited the victim of Count I's extensive injuries and hospitalization, as well as her ongoing mental and psychological problems. It also noted that it did not find Ohin's drug use "alone" to be a mitigating factor because the crime and victim "had nothing to do with the drug culture and was in no way involved in it." (J.A. 81.) Lastly, the court relied on Ohin's "troubling" criminal history, which gave it "little reason to believe that [Ohin] will be a law-abiding citizen upon his release from confinement." (J.A. 81.) These statements were specific to

11

Ohin's background and the nature of the offenses for which he had been convicted. A lengthier exposition is not necessary especially where, as here, the relevant facts are undisputed and their connection to an above-Guidelines sentence readily apparent. E.g., Gall 552 U.S. at 50; United States v. Lynn, 592 F.3d 572, 576 (4th Cir. 2010). The court's statements satisfy us that it "ha[d] considered the parties' arguments and ha[d] a reasoned basis for exercising [its] own legal decisionmaking authority" in light of § 3553(a). Carter, 564 F.3d at 328. Accordingly, there is no basis for vacating the sentence and requiring additional exposition.

## III.

For the aforementioned reasons, we affirm the district court's judgment.

AFFIRMED